UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IVAN MITCHELL,

                Plaintiff,

v.                                    Case No. 17-cv-1167-pp

BRIAN FOSTER, ANN SCARPITA,
NICOLE KAMPHUIS, DONNA LARSON,
LORI DOEHLING, EMILY STADTMUELLER,
NANCY WHITE, CPT. KYLE TRITT,
and JAMES MUENCHOW,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT**

---

The plaintiff is a Wisconsin state prisoner incarcerated at Waupun Correctional Institution (WCI), and is representing himself. He filed a complaint in the Western District of Wisconsin, alleging that the defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment, and raising a state law tort claim. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint.

**I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

The Prison Litigation Reform Act ("PLRA") applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed

1

with his lawsuit without pre-paying the filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays that partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 15, 2017, Magistrate Judge Oppeneer ordered the plaintiff to pay an initial partial filing fee of $18.00; the court received that payment on August 21, 2017. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will allow the plaintiff to pay the balance of the $350 filing fee over time from his prisoner account, as described at the end of the this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). A court must dismiss a complaint, or part of it, if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895,

2

900 (7th Cir. 1997). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions," however, or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the two-step process in Twombly. First, the court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Finally, a court is obliged to give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on September 2, 2015, he was taken to the University of Wisconsin podiatry clinic for a follow-up on his plantar fasciitis. Dkt. No. 1 at 3. The podiatrist examined him, and recommended several forms of treatment—application of a gel four times a day for six months, radiographic images of his ankle, daily wear of orthotics/ankle braces, referral for a consult regarding his left ankle, and "a new pair of high top athletic style shoes as current pair are worn." Id. at 3-4. Within two weeks of his podiatry evaluation, a nurse practitioner at WCI forwarded forwarded to defendant Ann Scarpita, a special needs coordinator at WCI, a September 8, 2015 request for a new pair of shoes. Id. Scarpita responded that the plaintiff was "supplied with boots from institution with high top for support," and that inmates could purchase high top tennis shoes from an outside vendor through a catalog. Id.

A couple of months later, on November 14, 2015, the plaintiff submitted a "reasonable modification/accommodation request" to defendant Nicole Kamphuis, an accommodation coordinator at WCI. Id. at 5. He asked to be able to order shoes from an outside vendor, saying that the shoes offered in the canteen catalog did not meet his medical needs (high tops, size 12, EEEE width, with shock absorption capability). Id. Kamphuis responded that this wasn't "an ADA issue," and that he should contact special needs or the Health Services Unit (HSU). Id.

Another few months went by. In late January 2016, the plaintiff sent an a request to HSU, telling defendant Larson (the interim manager of the HSU) about the podiatry clinic's treatment recommendations, and explaining that they had not been addressed. Id. at 6. He asked to see Larson to talk about the podiatrist's recommendations. Id. The next day, he received a response from a nurse (who claimed to be acting at the direction of the HSU manager, defendant Doehling), saying that Larson would schedule an appointment for him if she saw a need, "only ortho appointment scheduled next month." Id.

In mid-March 2016, the plaintiff wrote to defendant Foster, the warden, asking him to intervene in what the plaintiff characterized as the intentional denial of treatment by the HSU. Id. Defendant Stadtmueller, another HSU manager, responded, noting that the plaintiff had "seen physio" on March 9, 2016, and been fitted with appropriate shoes and inserts. Id. Stadtmueller told the plaintiff that the items were on order, and that he would be notified when

5

they came in. She also told him to make sure to use his ankle and knee braces to help with any discomfort. Id.

It appears that at this point the plaintiff filed a grievance. Id. at 7. Defendant Muenchow—an inmate complaint examiner (ICE) and a member of the special needs committee—recommended that the grievance be dismissed. Id. Muenchow indicated that he did not have any special knowledge, and concluded that it appeared that the plaintiff's medical concerns had been addressed. Id. Foster followed that recommendation, and dismissed the grievance. Id.

In early April 2016, the plaintiff wrote the HSU with a request for a special needs review. Id. Stadtmueller responded, telling the plaintiff that the process for ordering shoes had changed; HSU now ordered shoes only "when deemed medically necessary by the foot specialist." Id. She told the plaintiff, "We cannot grant your request to order your own shoes." Id.

Later in April, the plaintiff filed a request with Kamphuis, asking for a reasonable accommodation. Id. Kamphuis concluded that the plaintiff did not have a disability. Id.

    C.    <u>Legal Analysis</u>

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. <u>Buchanan-Moore v. Cty. of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009) (citing <u>Kramer v. Vill. of N. Fond du Lac</u>, 384

F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). Liability under §1983 is predicated on a defendant's personal involvement in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal [involvement] . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). Likewise, to impose liability on a defendant, that defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir. 1988)).

The plaintiff alleges that nine defendants—Foster, Scarpita, Kamphuis, Larson, Doehling, Stadtmueller and Muenchow, along with Assistant HSU manager Nancy White and correctional officer Kyle Tritt—were deliberately indifferent to his serious medical needs. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. Id. at 834–35. A prison official is deliberately indifferent when he or she knows of a substantial risk of serious harm and either acts, or fails to act, in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). An inmate's condition is sufficiently "serious" if

7

it "has been diagnosed by a physician as mandating treatment . . . ." Id. (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

Chronic plantar fasciitis, and the pain associated with it, can rise to the level of a serious medical need for purposes of an Eighth Amendment deliberate indifference claim. See Burgess v. Eckstein, Case No. 16-cv-1147, 2016 WL 6108982, at *3 (E.D. Wis. Oct. 19, 2016) (permitting prisoner to proceed on deliberate indifference claim based on failure to treat plantar fasciitis). At this early stage of the case, the court will assume that the plaintiff's plantar fasciitis and the pain he experienced constituted a serious medical need.

The plaintiff alleges that Scarpita, Kamphuis, Larson and Doehling knew about the podiatrist's recommendations, but refused to follow them. At this early stage, the court concludes that the plaintiff has alleged sufficient facts to allow him to proceed on a deliberate indifference claim against these four defendants.

As for Foster, the plaintiff indicates that when he complained to Foster, he actually got a response—Stadtmueller responded by noting that he'd been seen a few days before and that the institution had ordered the necessary shoes and inserts. The plaintiff has not stated sufficient facts to allow him to proceed on a deliberate indifference claim against Foster.

Stadtmueller originally responded to the plaintiff's complaints by saying that the institution had ordered shoes and inserts for him. In response to the plaintiff's repeated inquiry, however, she told him that the institution would

not order him shoes due to a policy change. The court will allow the plaintiff to proceed on a deliberate indifference claim against Stadtmueller.

The plaintiff appears to allege that because Muenchow was a member of the "special needs committee," Muenchow should have authorized him to purchase shoes from an outside vendor. It is a close call, but at this stage, the court will allow the plaintiff to proceed on a deliberate indifference claim against Muenchow.

The plaintiff does not make any specific allegations against defendants White and Tritt. He does not allege that they knew about the podiatrist's orders, or that they had any role in preventing him from getting treatment. It is not clear why the plaintiff has included these two individuals as defendants. The court will dismiss White and Tritt from the lawsuit.

At the end of his complaint, the plaintiff states that he filed a timely notice of claim with the Wisconsin Attorney General "regarding his state tort claims in this action." Dkt. No. 1 at 12. The plaintiff does not state what tort he believes the plaintiffs committed. But, because he alleges that he has filed a notice with the state, the court will—for now—assume that the plaintiff's state law tort claim arises out of these same factual allegations, and will allow him to proceed on a state law claim against the defendants. See 28 U.S.C. §1367.

Finally, the court is aware that the plaintiff has written to the court, asking why it has taken so long for the court to screen his complaint. The court does not have an excuse—only an explanation. The court's case load is heavy, in part due to the fact that the district has been short one judge for almost two

years. This has caused the court to be behind on many cases, a fact it regrets. The court hopes this order will move the plaintiff's case along.

### III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**. Dkt. No. 2.

The court **ORDERS** that Brian Foster, Nancy White and Cpt. Kyle Tritt are **DISMISSED** as defendants.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on defendants Scarpita, Kamphuis, Larson, Doehling, Stadtmueller and Muenchow.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendants Scarpita, Kamphuis, Larson, Doehling, Stadtmueller and Muenchow shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $332.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency shall clearly identify the payments by the case name and number assigned. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the warden of Waupun Correctional Institution.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, the court will require him to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss the case for failure to prosecute.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, *Waupun Correctional Institution,* Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

11

The parties shall notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 19th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**