UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN MITCHELL,

                Plaintiff,

v.                                               Case No. 17-cv-1167-pp

ANA SCARPITA, NICOLE KAMPHUIS,
DONNA LARSON, LORI DOEHLING,
EMILY STADTMUELLER, and
JAMES MUENCHOW,

                Defendants.

**ORDER DENYING MOTION TO AMEND COMPLAINT (DKT. NO. 16)**

      The plaintiff is a Wisconsin state prisoner representing himself. The court screened the original complaint and allowed the plaintiff to proceed on Eighth Amendment deliberate indifference to a serious medical need and state law claims related to the treatment of his plantar fasciitis. Dkt. No. 13. The plaintiff has filed a motion to amend the complaint, dkt. no. 16, along with a proposed amended complaint, dkt. no. 16-1. The defendants have not responded to the plaintiff's motion. The court will deny the plaintiff's motion as futile.

1.    **Standard of Review**

      A party may amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading. Federal Rule of Civil Procedure 15(a)(1)(B). The plaintiff filed his motion before the defendants filed their answer to the original complaint, so his amended complaint would fall under this "once as a matter of course" rule. A district court is not required to

allow someone to file an amended complaint, however, even when the defendants haven't responded to the original complaint, if the proposed amended complaint is deficient. See Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008); see also Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993) (if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed).

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir.

2

2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429

**2.    Background—Original Complaint and Screening Order**

When it screened the original complaint, the court permitted the plaintiff to proceed on deliberate indifference claims against defendants Scarpita, Kamphuis, Larson and Doehling based on allegations that they knowingly refused to follow a podiatrist's recommendations. Dkt. No. 13 at 8. The court also allowed the plaintiff to proceed on a deliberate indifference claim against defendant Stadtmueller, based on allegations that she originally told the plaintiff that the institution had ordered shoes and inserts for him, but after the plaintiff's repeated inquiries, told him that the institution would not order shoes due to a policy change. Id. at 8-9. Next, the court allowed the plaintiff to proceed on a deliberate indifference claim against Muenchow. Id. at 9. The court stated it was a "close call," but permitted him to proceed based on allegations that Muenchow was a member of the "special needs committee" and should have authorized the plaintiff to buy shoes from an outside vendor. Id. Finally, the court permitted the plaintiff to proceed on a state law claim against the defendants. Id.

The court dismissed several defendants at screening. The court dismissed defendant Warden Foster because the plaintiff had not alleged sufficient facts against him. Id. at 8. The plaintiff had alleged that when he

3

complained to Foster, he got a response from Stadtmueller. Id. The court also dismissed defendants White and Tritt because the plaintiff did not make specific allegations against either defendant. Id. at 9.

**3.     Plaintiff's Motion to Amend and Proposed Amended Complaint**

In his motion to amend the complaint, the plaintiff states that the proposed amended complaint reflects the actions of Warden Brian Foster and Captain Kyle Tritt. Dkt. No. 16 at 1. The plaintiff states that he amended paragraphs 4, 10, 60, 61 and 65 in the amended complaint to show these actions.

Paragraphs 4 identifies Warden Foster and paragraph 10 identifies Captain Tritt. Dkt. No. 16-1 at 2, 3. In paragraph 60, the plaintiff states that defendant Foster's decision "not to provide qualified persons in the Health Service Unit has rendered the Health Service Unit [ ] inadequate for the treatment of inmates at Waupun Correctional Institution which resulted in Mitchell being denied the care needed for his chronic pain in the feet, ankle and knees[.]" Id. at 12, ¶60. In paragraph 61, the plaintiff states that defendant Foster, as warden, has an obligation to "ensure that the person[s] under his employ are trained in the care—plan triage and care of prisoners who have been diagnosed with special needs as is the case with Mitchell and defendant Foster's decision not to do so resulted in the wanton infliction of pain of the plaintiff[.]" Id. at 12, ¶61.

The plaintiff does not include any new allegations against Warden Foster. As the court determined in the original screening order, these allegations do

4

not state a claim. The plaintiff alleges that when he complained to Foster, he got a response (from Stadtmueller). Moreover, 42 U.S.C. §1983 does not recognize *respondeat superior* (supervisory) liability. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 699 n. 58 (1978). Section 1983 creates a cause of action based upon personal liability and predicated upon fault. Although a supervisor can act through others to commit a wrong, see Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982), liability presupposes that he "caused or participated in the alleged constitutional deprivation." McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982); see also Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006).

> With regard to Tritt, paragraph 65 states that the
>
> refusal of defendants Tritt, Kamphuis and Muenchow acting as the so-called special needs committee to authorize the purchase of personal shoes from an outside vendor exhibited deliberate indifference and callous to Mitchell's serious medical needs because the defendants were made aware of the problem and has the authority to take action but chose not to do so and chose not to do so without any medical or security justification resulting in the protracted pain and suffering from plantar fasciitis[.]

Dkt. No. 16-1 at 13, ¶ 65. Despite this paragraph in which the plaintiff argues that he has a claim against Tritt, the amended complaint does not contain any specific allegations against Tritt.

Allowing the plaintiff to proceed on his proposed amended complaint would be futile because it does not state claims against Foster or Tritt. The court will deny the motion to amend.

The defendants have answered the original complaint. At the same time it enters this order, the court will enter a scheduling order which sets deadlines for the completion of discovery and for filing dispositive motions.

The court **DENIES** the plaintiff's motion to amend. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**